CITIZENS NATIONAL BANK IN ENNIS, Appellant,

v.

SPERRY RAND CORPORATION, Appellee.

No. 4893.

Court of Civil Appeals of Texas, Waco.

May 28, 1970.

Rehearing Denied June 25, 1970.

Moore & McCarty, Ennis, for appellant.

Carrington, Coleman, Sloman, Johnson & Blumenthal, James A. Ellis, Jr., Robert H. Mow, Jr., Dallas, for appellee.

## OPINION

HALL, Justice.

This case poses a problem of priority between a purchase money security interest held by appellee in a haybine, and a security interest subsequently taken by the appellant bank in the haybine as partial collateral to secure a loan. The solution involves an application of a portion of Section 9.302, Vernon's Texas Codes Annotated, Business and Commerce.

Upon the pleadings, admissions and affidavits, the trial court rendered summary judgment for appellee for $900 against the bank for an alleged conversion by the bank of appellee's security interest. In oral argument before this court, the parties agreed that the amount of the judgment, which is based upon the trial court's finding of the value of the haybine, is not in dispute. We affirm the judgment.

There is no controversy in the controlling facts. At all material times, Ernest K. Reynolds owned and operated a retail feed and grain store in the city of Italy, Texas. He did not own, nor lease, nor operate a farm. In connection with his store, Reynolds operated a commercial hay cutting and baling business for his customers. On June 13, 1967, Reynolds purchased the haybine in question, new, from Bernsen Tractor Company. A haybine is a machine that is designed, marketed, and used to mow, condition and windrow hay in a single step. The purchase price of the haybine was $2,280. Reynolds made a cash down payment of $780. The tractor company reserved a security interest in the haybine for the balance of the purchase price, which was agreed by Reynolds to be finally paid in November, 1968. On the date of the sale, the tractor company assigned the contract of sale and the security agreement to appellee. A financing statement of the transaction was not filed by the tractor company or appellee. The haybine was purchased by Reynolds to be used by him in connection with his commercial hay cutting and hay baling operation; and it was so used by him at all times in question. On February 7, 1968, to secure a loan made to him by the bank, Reynolds executed an agreement giving the bank a security interest in the haybine. A financing statement was promptly filed by the bank with the Secretary of State. Reynolds defaulted on the loan. The bank foreclosed under the terms of its security agreement and sold the haybine while Reynolds was still indebted to appellee for its purchase price. When it sold the haybine, the bank had no knowledge of appellee's security interest therein.

Section 9.302 of the Business and Commerce Code provides in part as follows:

"(a) A financing statement must be filed to perfect all security interests except the following:

\* \* \* \* \* \*

"(3) a purchase money security interest in farm equipment having a purchase price not in excess of $2,500; \* \* \*."

It is appellee's position that under this record the haybine was "farm equipment;" and that, under Section 9.302 of the Code, its security interest was perfected without the need of filing a financing statement.

The bank refers to the classification of goods made in Section 9.109 of the Code—"consumer goods," "equipment," "farm products," and "inventory"—and says that the proper criteria for classifying or characterizing goods into one of those categories is to consider "the capacity of the debtor and the primary use made of the property." It cites as examples that the "primary capacity and use" test could determine that a refrigerator is "inventory" in the hands of a dealer, "equipment" in the hands of a doctor, and "consumer goods" in the hands of a householder; that a tractor could be "inventory" in the hands of a dealer, "consumer goods" in the hands of a householder that uses it to keep his yard, "construction equipment" in the hands of a building contractor, and "farm equipment" in the hands of a farmer. The bank then argues that if this method of classification is utilized in this case, and the capacity of Reynolds (a retail business owner) and the use by him of the haybine (commercial hay cutting and baling in connection with his retail business) are scrutinized, then a fact question is presented whether the haybine is "farm equipment" within the meaning of Section 9.302 as contended by appellee, or whether it is "equipment being used in a retail store operation" which would have required the filing of a financing statement by appellee in the office of the Secretary of State, under Section 9.401, in order to perfect its security interest.

Although we find the bank's argument to be persuasive, and though we might find its suggested method of collateral classification to be valid under other circumstances, nevertheless, we do not believe it is applicable in this case. This record shows without dispute that the collateral here, a haybine, was designed and marketed for the purpose of mowing and conditioning hay; and that Reynolds bought it for, and used it only for, that purpose. Under these facts, we are convinced that the collateral was farm equipment at all material times. Therefore, under Section 9.302 of the Business and Commerce Code, appellee's security interest was perfected without the filing of a financing statement.

The judgment is affirmed.

WILSON, J., not sitting.